IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **INTELLECTUAL TECH LLC, ONASSET INTELLIGENCE, INC.** and **MAIN STREET CAPITAL CORPORATION,**  *Plaintiffs* <br><br> -vs- <br><br> **ZEBRA TECHNOLOGIES CORPORATION,**  *Defendant.* | § § § § § § § § § § § § | **6:22-CV-788-ADA** <br><br> **JURY TRIAL DEMANDED** |

## ORDER STAYING CASE

Before the Court is Defendant Zebra Technologies Corporation's ("Zebra") Motion to dismiss the First Amended Complaint under 12(b)(1). ECF No. 19. The Court heard oral argument on Zebra's Motion on January 4, 2023. ECF No. 46. During the January 4 hearing, the Court made a ruling from the bench that the above captioned case should be STAYED pending "until the Federal Circuit issues the decision in [the appeal from] Intellectual Tech versus Zebra Technologies, Case No. 19-CV-628." ECF No. 47 at 46. This Order memorializes that ruling from the bench.

"A federal court has inherent power to stay, *sua sponte*, an action before it." *Guillory v. Beaumont Indep. School Dist.*, No. 9:07-CV-163-TH, 2009 WL 10705652, at *2 (E.D. Tex. May 18, 2009) (quoting *Crown Cent. Petroleum Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98 (D. Md. 1984). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court must weigh

the competing interests of the court, the parties, and counsel when deciding whether to enter a stay. *Crown Cent. Petroleum*, 102 F.R.D. at 98.

While this Court does not typically grant stays, given the unique facts of this situation, the Court believes that a stay is particularly warranted. *See Lighthouse Consulting Grp., LLC v. Ally Fin. Inc.*, No. W-19-CV-00592-ADA, 2020 WL 6365538, at *1 (W.D. Tex. Mar. 25, 2020). Accordingly, the Court, sua sponte, **STAYS** the above captioned case pending the Federal Circuit issuing an opinion in *Intellectual Technologies LLC v. Zebra Technologies Corporation*, Case No. 22-2207 (Fed. Cir. Sept. 14, 2022). As noted by the Court during the hearing on January 4, the Parties are also hereby **ORDERED** to set a status conference with this Court once the Federal Circuit issues an opinion in the aforementioned case. Although the Court enters this stay sua sponte, the Court reiterates that the particular facts of these cases present a unique situation wherein a stay would result in a particularly large increase in judicial efficiency without any discernible prejudice to a party. *See Lighthouse Consulting Grp.*, 2020 WL 6365538, at *2. Therefore, the Court maintains that sua sponte stays in other cases will be exceedingly rare.

SO ORDERED.

SIGNED this 9th day of January, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE